**HILTON INTERNATIONAL CO., d/b/a Caribe Hilton Hotel, Plaintiff,**

v.

**ASOCIACIÓN DE EMPLEADOS DE CASINO DE PUERTO RICO, its authorized representatives, officers, agents and members, Defendant.**

**Civ. No. 999-70.**

United States District Court,
D. Puerto Rico.

Feb. 12, 1971.

William Lespier, Cohen & Lespier, Hato Rey, P. R., for plaintiff.

George L. Weasler, Santurce, P. R., for defendant.

## PRELIMINARY INJUNCTION

TOLEDO, District Judge.

### ORDER

This cause came on to be heard on Plaintiff's Motion for a Preliminary Injunction and the Court, having considered the verified Complaint, the affidavits submitted in support of said Motion and in opposition thereto, and having heard oral evidence in open Court, and it appearing to the Court after due deliberation that Defendant had actually been engaged in committing, and will continue to commit the acts set forth below, to the irreparable injury of the Plaintiff, the Court makes the following

### FINDINGS OF FACT

1.—Plaintiff is a Delaware corporation duly authorized to do business in Puerto Rico, engaged in interstate commerce within the meaning of Section 2 (7) of the Labor Management Relations Act (29 USC, Sec. 152).

2.—Defendant, Asociación de Empleados de Casino de Puerto Rico, is a labor organization within the meaning of Section 2(5) of the Act (29 USC, Sec. 152).

3.—Defendant is the exclusive bargaining representative for all the croupiers employed by the Plaintiff in its Hotel at San Juan, Puerto Rico, by virtue of the collective bargaining agreement executed by and between Plaintiff and Defendant on July 9, 1968, which is, and will continue to be in effect until April 13, 1971.

4.—Article XII of said collective bargaining agreement provides for the resolution of the grievances through a procedure culminating in arbitration. Section B of this Article states that should "any controversy, dispute, conflict, or any difference of interpretation * * *" arise between the contracting parties, involving the "meaning and the application of this collective bargaining agreement", the same has to be resolved "in a final and binding manner" in accordance with the procedure set forth therein. The controversy involved herein is covered by the collective bargaining agreement.

5.—Article XVI of the referred to collective bargaining agreement provides that no strike for any reason whatsoever will be declared against Plaintiff during its term of existence.

6.—On November 27, 1970 there occurred a major breakdown of the Plaintiff's air conditioning facilities. As a consequence, all the Hotel, including the dining rooms and the gaming room or casino, were left without air conditioning. The evening of November 27, 1970 the croupiers of the Plaintiff's casino refused to perform any work because of the lack of air conditioning. Plaintiff did not pay the croupiers for that night.

7.—The air conditioning unit was fixed on Saturday, November 28, 1970 and the croupiers returned to work that same evening and continued to work until December 1, 1970.

8.—On December 1, 1970, and thereafter, Defendant and its members refused to perform any work whatsoever because of the Hotel's refusal to pay the croupiers for work that was not performed on November 27, 1970.

9.—Defendant, its agents and members, although requested to do so, refused to follow the arbitration procedure set forth in the collective bargaining agreement.

10.—Because of the above, Defendant and its members went on strike on December 1, 1970 demanding that Plaintiff pay the croupiers their salary for the evening of November 27, 1970.

11.—In furtherance of their demands, the Asociación de Empleados de Casino de Puerto Rico, its agents and members have supported, induced, directed and controlled a strike by the croupiers of Caribe Hilton Hotel at its place of business located in San Juan, Puerto Rico.

12.—This Court finds that at the time the strike commenced on December 1, 1970, the Casino employees of Plaintiff did not refuse to work because of conditions that were detrimental to their health, but because of Plaintiff's refusal to pay said employees for the evening of November 27, 1970. This Court further finds that there were no abnormally dangerous conditions for work at the Plaintiff's Casino.

13.—It may fairly be anticipated that unless enjoined, the Defendant, its agents, members and authorized representatives will continue to engage in and repeat the acts and conduct set forth herein.

14.—It may fairly be anticipated that unless enjoined, irreparable injury will be caused to the Caribe Hilton Hotel.

On the basis of the foregoing, the Court makes the following

## CONCLUSIONS OF LAW

1.—This Court has jurisdiction over the parties and over the subject matter of this proceeding by virtue of Section 301(a) of the Labor Management Relations Act, 29 (USC, Sec. 185) (a) and as interpreted by the Supreme Court of the United States in the case of Boys Markets, Inc. v. Retail Clerk's Union, 398 U.S. 235, 90 S.Ct. 1583, 26 L.Ed.2d 199, (1970) this Court is empowered to grant injunctive relief.

2.—Defendant, Asociación de Empleados de Casino de Puerto Rico, its agents and members have engaged in a strike in violation of a no-strike clause contained in the collective bargaining agreement in effect between the parties.

3.—To preserve a stable industrial peace, it is appropriate, just, and proper that the Plaintiff, having filed with the Clerk of the Court bond in the sum of $20,000.00 with good and sufficient surety as required by Rule 65 of the Federal Rules of Civil Procedure, until the expiration date of the collective bargaining agreement now in effect between the parties, April 13, 1971; the Defendant, Asociación de Empleados de Casino de Puerto Rico, its representatives, officers, agents, members, servers, employees, attorneys and all other persons acting in concert or participation with them be enjoined and restrained from the commission, continuation, or repetition of the acts and conduct set forth herein, acts or conduct in furtherance or support thereof or like or related acts or conduct, the commission of which in the future is likely or may fairly be anticipated from Defendant's acts and conduct in the past, unless and until the arbitration procedure provided for in the collective bargaining agreement is followed in its entirety.